NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL GONZALEZ, an individual and DAVID ECHAVARRIA, an individual, | Hon. Dennis M. Cavanaugh |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 2:12-cv-04084 (DMC) (JBC) |
| INVESTORS BANK, INVESTORS BANCORP, MHC, JOHN DOES 1-10 AND X,Y,Z Corporations, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Investors Bank and Investors Bancorp ("Defendants") for Judgment on the Pleadings dismissing the Complaint of Angel Gonzalez and David Echavarria ("Plaintiffs") with prejudice pursuant to FED. R. CIV. P. 12(c). (Defs.' Mot. for J. on Pleadings, March 20, 2013, ECF No. 9). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' Motion for Judgment on the Pleadings is **denied in part** and **granted in part**.

## I. BACKGROUND[1]

On May 29, 2012, Plaintiffs filed an action against Defendants in the Superior Court of New Jersey, Essex County, alleging violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. and its implementing regulations (the "EFTA"). Thereafter, Defendants removed

---

[1] The facts set forth in this Opinion are taken from the parties' respective moving papers.

1

the case to the United States District Court for the District of New Jersey. (July 03, 2012, ECF No. 1). The EFTA, as originally enacted, required the owner of an ATM to provide two notices to the user that a fee would be charged for the withdrawal of funds: (1) on the machine itself and (2) on the screen. 15 U.S.C. § 1693b (d)(3)(A)(1). Plaintiffs allege in their complaint that Defendants failed to provide the required notice on the ATM itself that a fee would be charged. The consequences for violating the EFTA fee notice provisions are fixed in 15 U.S.C. §1693m. That section provides for two recoveries for an EFTA violation: (1) actual damages, 15 U.S.C. §1693m (a)(1); and (2) statutory damages, 15 U.S.C. §1693m (a)(2).

On December 20, 2012, Congress amended the EFTA and eliminated the provision requiring an ATM to include a fee notice "on the machine." (Public law No. 112-216, "To amend the Electronic Fund Transfer Act to limit the fee disclosure requirement for an automatic teller machine to the screen of that machine."). Thus, the provision of the EFTA under which Plaintiffs brought their claim has since been repealed. The primary issue before this Court, therefore, is whether or not the Amendment to the EFTA (the "Amendment") should be applied retrospectively to the present case. Retrospective application of the amended EFTA would eliminate Plaintiffs' cause of action and necessitate dismissal.

In determining whether a congressional enactment should be applied retrospectively, the court must look first at whether Congress manifested any clear intent with respect to the temporal scope of the law. See Landgraf v. USI Film Products, 511 U.S. 244, (1994); Mathews v. Kidder, Peabody & Co., 161 F.3d 156 (3d Cir. 1998). If Congress has not demonstrated any explicit intent in the statutory language or legislative history, a court must determine whether applying the new law to pending cases would have "retroactive effect." Landgraf, 511 U.S. at 280. A law has such effect when it "impair[s] rights a party possessed when he acted, increase[s] a party's liability for

past conduct, or impose[s] new duties with respect to transactions already completed." Mathews, 161 F.3d at 161 (citing Landgraf, 511 US at 280.).

Defendants assert that Plaintiffs are serial filers of lawsuits against financial institutions for failure to comply with EFTA notice provisions. According to Defendants, in amending the EFTA, Congress plainly expressed its intention to immediately eliminate frivolous lawsuits brought by similar plaintiffs looking to capitalize on the EFTA's award of statutory damages. Defendants argue that applying the amended EFTA to pending cases would not have a "retroactive effect" because the Amendment does not attach any new legal consequences to prior events or disrupt any property right in which Plaintiffs have a vested interest. Plaintiffs, on the other hand, argue that the application of the amended EFTA is improper because Congress did not manifest a clear and unambiguous intent for the Amendment to apply retrospectively. Plaintiffs assert that applying the Amendment would have an impermissible retroactive effect because it would completely deprive Plaintiffs of their claims, thereby attaching new legal consequences to prior events and impairing Plaintiffs' rights.

Defendants' Motion for Judgment on the Pleadings also includes an argument regarding Plaintiffs' request for actual damages. According to Defendants, Plaintiffs' claim for actual damages necessarily fails because Plaintiffs did not and could not plead detrimental reliance. Plaintiffs respond that proof of detrimental reliance is not required. The Court must therefore address whether or not Plaintiffs are required to prove detrimental reliance to support a claim for actual damages under the EFTA.

## II. **STANDARD OF REVIEW**

There is no material difference in the applicable legal standards for a Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss. Spruill v. Gillis, 372 F.3d

218, 223 n.2 (3d Cir. 2004). "In evaluating a motion for judgment on the pleadings, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents." Alves v. Ferguson, No. 01-789, 2010 WL 3155128, *2 (D.N.J. Aug. 9, 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Under the standard for both Rule 12(b)(6) and Rule 12(c) motions, a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Young v. Speziale, No. 07-3129, 2009 WL 3806296 at *3 (D.N.J. Nov. 10,

2009) (quoting Iqbal, 129 S. Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950.

III. **DISCUSSION**

   a. **Retrospective Application of the Amended EFTA**

When the temporal reach of a statute is at issue, courts wrestle with two contradictory principles. The first provides that, "a court is to apply the law in effect at the time it renders its decision." Landgraf, 511 U.S. at 263 (quoting Bradley v. School Bd. of City of Richmond, 416 U.S. 696, 711, (1974)). The second is a general disfavor for retroactivity in the law. Landgraf, 511 U.S. at 264. This principle encompasses the idea that "congressional enactments…will not be construed to have retroactive effect unless their language requires this result." Landgraf, 511 U.S. at 264 (quoting Bowen v. Georgetown University Hospital, et. al., 488 U.S. 204, 208 (1988).

In determining whether a statute should be applied retrospectively, the Third Circuit Court of Appeals looked to the United States Supreme Court's decisions in Landgraf and Lindh v. Murphy, 521 U.S. 320 (1997) and adopted a three-part test. See Mathews, 161 F.3d 156. Under this test, a court's first task is to determine if Congress has expressly prescribed whether or not the enactment applies retroactively. Id. at 161. If Congress has provided an unambiguous directive as to the temporal reach of the statute, the court must follow it and the inquiry is complete. Id. If there is no clear statement from Congress, the court must proceed to the second step and use "normal statutory construction rules to determine if Congress manifested an intent to only apply a statute to future cases." Id. If no congressional intent to apply a statute retrospectively is found, the court must determine whether applying the enactment to pending cases would have "retroactive effect." As articulated in Landgraf, applying a newly enacted law to a pending case has a

retroactive effect if it "impair[s] rights a party possessed when he acted, increase[s] a party's liability for past conduct, or impose[s] new duties with respect to transactions already completed." Mathews, 161 F.3d at 161 (citing Landgraf, 511 US at 280.).

To begin the analysis, this Court looks to the text of the Amendment for an unambiguous directive as to whether or not the Amendment should apply retrospectively. Congress' Amendment to the EFTA was adopted as Public Law 112-216, which reads as follows:

> "Section 904(d)(3)(B) of the Consumer Credit Protection Act (15 U.S.C. 1693b(d)(3)(B)) (commonly known as the ''Electronic Fund Transfer Act'') is amended—
>
> (1) by striking ''REQUIREMENTS.'' and all that follows through ''The notice required under clauses (i) and (ii)'' and inserting ''REQUIREMENT.— The notice required under clauses (i) and (ii)'' after ''NOTICE''; and
>
> (2) by striking '', except that during the period beginning'' and all that follows and inserting a period."

Any directive as to the temporal reach of the Amendment is notably absent from the text of Public Law 112-216. There is no language in the law itself pertaining to whether or not the Amendment should be applied retroactively or prospectively only. Accordingly, Congress has not clearly expressed its intent in the language of the statute and the Court must continue to the next step of the analysis.

Under the second step, the Court must employ normal statutory construction rules to determine if Congress manifested an intent to apply a statute to pending cases. When statutory language is indecipherable or ambiguous, normal statutory rules of construction require the court to look to the "legislative purpose as revealed by the history of the statute, for such light as it may shed." Concrete Pipe and Prods. Of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 627 (1993). Defendants assert that a review of the Amendment's legislative history demonstrates a plain congressional intent to apply the statute immediately to pending

cases. (Defs. Br. Supp. Mot. 8). However, Defendants fail to include any specific language from the legislative history to support this assertion.

A review of the legislative history reveals that the purpose of the Amendment was to update obsolete provisions of the EFTA which had been originally passed when consumers were less familiar with ATMs and the technology of ATM machines was less advanced. H.R. Rep. No. 112-576, at *2 (Comm. Fin. Servs., June 29, 2012). Another purpose articulated in the legislative history is to eliminate frivolous lawsuits brought by those looking to capitalize on the EFTA's damage awards. Id. What the legislative history is lacking is any mention of retroactivity or the temporal reach of the Amendment.

The Third Circuit's decision in Mathews is instructive here. In that case, the court examined whether the Private Securities Reform Act of 1995, which eliminated certain securities fraud-based RICO claims (the "RICO Amendment"), should be applied retrospectively. Mathews, 161 F.3d 156. In Mathews, the court recognized that the purpose of the RICO Amendment, as expressed in the legislative history, was to address frivolous actions. 161 F.3d at 164. However, the court found no mention of retroactivity in the language of the RICO Amendment or the legislative history and therefore moved on to the next step of the analysis. Id. at 163. Similarly, in the instant case, although one of the purposes of the Amendment may be to eliminate frivolous law suits, the text of the Amendment and the legislative history do not address the issue of retrospective application. Without any expression from congress as to the temporal reach of the Amendment, this Court must now move on to the third step of the analysis: retroactive effect.

Applying a newly enacted law to a pending case has a retroactive effect if it "impair[s] rights a party possessed when he acted, increase[s] a party's liability for past conduct, or impose[s]

new duties with respect to transactions already completed." Mathews, 161 F.3d at 161 (citing Landgraf, 511 US at 280.). According to Defendants, the Amendment does not have retroactive effect because it "does not attach any new legal consequences to prior events" or "disrupt any property right in which Plaintiffs have a vested interest." (Defs. Br. 7). Defendants argue that the Amendment merely upsets Plaintiffs expectations of collecting statutory damages. Defendants, citing Landgraf, note that "the potential unfairness of retroactive civil legislation is not a sufficient reason for a court to fail to give a statute its intended scope." 511 U.S. at 267.

Plaintiffs argue that the Amendment has retroactive effect because it attaches new legal consequences to prior events by completely depriving Plaintiffs of their claims. Plaintiffs' argument is persuasive as it is fully supported by the Third Circuit's decision in Mathews. In Mathews, the court reasoned that "a change from treble damages (under RICO) to compensatory damages alone (under the securities laws) may be seen as destroying a cause of action and impairing a party's rights." 161 F.3d at 165. Looking to Landgraf, the Third Circuit found it unlikely that the Supreme Court "would classify a statute eliminating damages liability as one that should presumptively apply to pending cases." Id. Ultimately the court held that the RICO Amendment should not be applied to cases pending at the time it was enacted. Id. at 171. Mathews is thus dispositive of the instant motion.

Here, as in Mathews, the Amendment destroys Plaintiffs' cause of action and eliminates damages liability. These are precisely the legal consequences the Third Circuit found to produce a "retroactive effect" in Mathews. Consequently, this Court finds that the Amendment does have a retroactive effect and should not be applied to cases pending at the time of its enactment. "Absent clear evidence 'that Congress itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing

8

benefits," Mathews 161 F.3d at 170 (citing Landgraf, 511 U.S. at 272-73) this Court is reluctant, as the Third Circuit was in Mathews, to destroy a cause of action "that clearly did exist before Congress acted." 161 F.3d at 170-71. As such, the Amendment to the EFTA should not be applied retrospectively in this case and Plaintiffs' cause of action stands. Therefore, with respect to the issue of the retrospective application of the amended EFTA, Defendants motion for Judgment on the Pleadings is **denied in part.**

### b. Detrimental Reliance Required to Prove Actual Damages

Defendants also assert that to support a claim for actual damages, Plaintiffs are required to plead and prove detrimental reliance on the alleged lack of notice on Defendants' ATM machine, which they have failed to do. See Archbold v. Tristate ATM, Inc., No. 11-CV-5796, 2012 U.S. Dist. LEXIS 127654, at *15-17 (E.D.N.Y. Sept. 7, 2012). Defendants point out that Plaintiffs have included no allegation in the complaint that they relied upon the lack of disclosure as inducement to enter the transaction. In addition, Defendants assert that Plaintiffs deliberately sought out machines for purposes of creating an EFTA claim and would therefore be incapable of advancing a claim that they were actually damaged by the lack of notice.

Plaintiffs argue they are not required to prove detrimental reliance to recover actual damages under the EFTA. To support this argument, Plaintiffs cite district court decisions holding that detrimental reliance is not required for actual damages because it is the imposition of the fee and not the failure to provide notice which causes actual damage. See, e.g., Voeks v. Wal-Mart Stores, Inc., No. 07-C-0030, 2007 U.S. Dist. LEXIS 60759 (E.D. Wis. Aug. 17, 2007); Savrnoch v. First Am. Bankcard, Inc., No. 07-C-0241, 2007 U.S. Dist. LEXIS 82398 (E.D. Wis. Oct. 26, 2007). District courts are split on whether or not a plaintiff is required to prove detrimental reliance in order to recover actual damages under the EFTA. A number of courts have held that detrimental

reliance is required. See, e.g., Brown v. Bank of America, 457 F. Supp. 2d 82 (E.D. Mass. 2006); Voeks v. Pilot Travel Centers, 560 F. Supp. 2d 718, 725 (E.D. Wis. 2008); Stilz v. Std. Bank and Trust Co., 2010 U.S, Dist. LEXIS 131968 (E.D. Ill. Dec. 14, 2010).

The Third Circuit Court of Appeals cited a number of the latter cases in Vallies v. Sky Bank, 591 F.3d 152 (3d Cir. 2009) and held that "actual damages for violations of EFTA's "Notice" provisions, 15 U.S.C. §1693b(d)(3)(B) ... require a showing of detrimental reliance." 591 F.3d at 161. Third Circuit precedent therefore requires that Plaintiffs plead detrimental reliance in their complaint in order to recover actual damages under the EFTA. Since Plaintiffs have failed to plead detrimental reliance, the portion of Plaintiffs' complaint seeking actual damages (Compl. ¶ 39) is dismissed. Plaintiffs request for statutory damages and other relief remains. (Compl. ¶¶ 39-42). Thus, Defendants' Motion for Judgment on the Pleading is **granted in part** with respect to actual damages.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is **denied in part** and **granted in part**. An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date: October 10, 2013
Original: Clerk's Office
cc: Hon. James B. Clark, U.S.M.J.
All Counsel of Record
File